IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDIN DIVELBISS,

                Plaintiff,

v.                                            OPINION and ORDER

DEPUTY MCFARLAND and                     24-cv-231-jdp
ADAMS COUNTY SHERIFF,

                Defendants.

---

    Plaintiff Randin Divelbiss, proceeding without counsel, alleges that an Adams County deputy referred false allegations of obstruction of an officer against him to the district attorney. But Divelbiss didn't sign his complaint, and it wasn't clear from his filings and electronic state court records whether he was actually prosecuted for the incident discussed in his complaint. Dkt. 4. Divelbiss alleged that he was prosecuted for events taking place in late December 2023, but my review of electronic state court records does not show a criminal case initiated against Divelbiss for events taking place then. Rather, he was charged with obstruction in *State v. Divelbiss*, Adams County Case No. 2023CM20, for events taking place in late December 2022. I directed Divelbiss to submit a signed copy of the complaint and to explain whether Case No. 2023CM20 is the case in which he was falsely charged or otherwise explain what happened with the charges that he discusses in his complaint. *Id.*

    Divelbiss has responded with a series of submissions, including a signed document in which he states that the underlying incident occurred in December 2022 and that Adams County Case No. 2023CM20 is the case in which he was falsely charged. Dkt. 8. I will consider this document as a supplement to the complaint, so he has now complied with Federal Rule of Civil Procedure 11(a).

But this court cannot immediately consider Divelbiss's claims because the proceedings in Adams County Case No. 2023CM20 are still ongoing. Absent extraordinary circumstances not present here, federal courts must abstain from deciding a claim when doing so would interfere with a state's pending criminal prosecution. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). Divelbiss's claims related to his allegedly malicious prosecution would unduly interfere with his criminal proceedings. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). So I must abstain from deciding these claims until those proceedings have ended.

I will stay this case and direct the clerk of court to close it. That means that Divelbiss may move to reopen this case after the conclusion of the state criminal proceedings, including all appeals and any relevant state collateral review proceedings. *See Simpson v. Rowan*, 73 F.3d 134, 139 (7th Cir. 1995). But if Divelbiss's criminal case results in a conviction, he may not be able to proceed with his claims in this case; I will have to dismiss this case if a judgment in his favor would imply the invalidity of a state conviction. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

ORDER

IT IS ORDERED that the court will abstain from exercising jurisdiction, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), pending final resolution of plaintiff Randin Divelbiss's state criminal proceedings. This case is STAYED. The clerk of court is directed to close the case.

Entered November 26, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge